**Althea BOOKER, Plaintiff**

v.

**MASSACHUSETTS DEPARTMENT OF PUBLIC HEALTH (The Lemuel Shattuck Hospital), The Executive Office of Health and Human Services, Paul Romary (individually), Edward Nicosia (individually), Jennifer Foley (individually), and Shawn McMullen (individually), Defendants.**

**Civil Action No. 05–12103–RGS.**

United States District Court,
D. Massachusetts.

March 28, 2007.

Mark Booker, Burns & Levinson, Boston, MA, for Plaintiff.

Bryan G. Killian, Massachusetts Attorney General's Office, Matthew Q. Berge, Attorney General's Office, Boston, MA, for Defendants.

## CONSOLIDATED ORDER ON VARIOUS MOTIONS FOR SANCTIONS

*(Docket # 26, 29, and 42)* [1]

ALEXANDER, United States Magistrate Judge.

The parties last appeared before the Court on March 14, 2007 for a hearing on a variety of discovery related motions, most of which sought sanctions for misconduct under Rule 37 of the Federal Rules of Civil Procedure. The instant Order addresses only those portions of the above-referenced motions concerning sanctions, the remainder of the issues having been disposed of by this Court either at the March 14, 2007 hearing or in its electronic order of March 15, 2007.

First, in Docket # 26, Plaintiff sought sanctions for defense counsel's conduct during and surrounding the deposition of non-party witness Richard Wong. After reviewing the papers and hearing oral argument, the Court found that defense counsel improperly objected to certain questions and also improperly interfered with Plaintiff's questioning of the witness. Particularly, but not exclusively, this Court found defense counsel's objection to Plaintiff's line of questioning regarding Mr. Wong's search for responsive documents to be frivolous. Also, the Court considered a number of defense counsel's interruptions to cross the line of improper coaching. However, although the Court ruled against Defendants at the March 14, 2007 hearing, defense counsel's withholding of Mr. Wong's personnel file was based on a good-faith dispute, and is not sanctionable conduct. Accordingly, this Court finds that defense counsel did engage in some sanctionable conduct and, thus, ALLOWS Plaintiff's motion in part, ORDERING sanctions in the amount of 2/3 (two-thirds) Plaintiff's reasonable attorney's fees and costs in the preparation of Docket # 26. This sanction does not include time incurred in preparing for or attending the hearing on March 14, 2007.

Second, in Docket # 29, Plaintiff sought sanctions for defense counsel's failure to produce documents. This Court reviewed the exhibits attached to Docket # 29, demonstrating Plaintiff's continued courtesies in extending production deadlines, and also heard defense counsel's position during the March 14, 2007 hearing, which included an admission to "dropping the ball" on discovery. As such, this Court finds defense counsel's delay sanctionable and, thus, ALLOWS Plaintiff's motion, ORDERING sanctions in the amount of Plaintiff's reasonable attorney's fees and costs in the preparation of Docket # 29. This sanction does not include time incurred in preparing for or attending the hearing on March 14, 2007.

Third, in Docket # 42, Plaintiff not only sought sanctions for conduct previously outlined in Dockets # 26 and # 29, but for additional conduct of defense counsel subsequent to the filing of those motions. In that much of conduct complained of in Docket # 42, and certainly the most egregious, is addressed by this order as pertaining to Dockets # 26 and # 29, those issues are moot. As to the remaining instances of misconduct, the Court need not waste more time parsing each alleged misconduct. The instant order, as well as the Court's oral orders during the March 14, 2007 hearing and its electronic order of March 15, 2007, is designed to deal with certain enumerated conduct as well as the conduct of this litigation as a whole. It is the sincere hope of this Court that its orders will help prevent further problems amongst counsel and facilitate the fair and

---

1. To alleviate any confusion, the Court will refer to each motion only by its docket number.

timely resolution of this matter. Accordingly, for the foregoing reasons, Docket # 42 is DENIED as moot in light of the rulings on sanction in Dockets # 26 and # 29.

Fourth, and finally, because the March 14, 2007 hearing became necessary due to the above-mentioned sanctionable conduct of defense counsel, but would also have been necessary on at least some documentary issues, this Court ORDERS sanctions in the amount of ½ (one-half) Plaintiff's reasonable attorney's fees and costs for the attendance only of the hearing on March 14, 2007.

In accordance with this ORDER, Plaintiff is to submit an itemization of the fees and costs as instructed above to defense counsel within 30 days. Defense counsel shall pay said fees and costs within 45 days of receipt of Plaintiff's itemization unless it deems this Court's intervention necessary, and files an appropriate motion accordingly.

SO ORDERED.